UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-540-RJC

| | |
|---|---|
| TERESA J. BRIDGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), Memorandum in Support, (Doc. No. 12), and Supplemental Memorandum, (Doc. No. 17); and Defendant's Motion for Summary Judgment, (Doc. No. 14), Memorandum in Support, (Doc. No. 15), and Supplemental Memorandum, (Doc. No. 19).

## I.  BACKGROUND

  A.  Procedural Background

Plaintiff Teresa J. Bridges ("Plaintiff") seeks judicial review of Defendant Carolyn W. Colvin's ("Defendant" or "Commissioner") denial of her social security claim. (Doc. No. 1). On August 22, 2011, Plaintiff filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383 et seq. (Doc. Nos. 10 to 10-8: Administrative Record ("Tr.") at 13, 53, 178–84). On the same day, Plaintiff also filed for a period of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Tr. 13, 52, 185–91). In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on May 13, 2011. (Tr. 13, 53, 178–191). The Commissioner

initially denied Plaintiff's application on November 22, 2011, and again after reconsideration on December 20, 2011. (Tr. 13, 115–119, 128–45). Plaintiff filed a timely written request for a hearing on January 17, 2012. (Tr. 13).

On May 16, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 29–45). A vocational expert ("VE") also testified at the hearing. (Tr. 45–51). The ALJ issued a decision on July 11, 2013, denying Plaintiff's claim. (Tr. 22). Plaintiff filed a request for review of the ALJ's decision on August 13, 2013. (Tr. 1–8). The Appeals Council denied the appeal on August 4, 2014. (Id.). Therefore, the ALJ's July 11, 2013 decision became the Commissioner's final decision on August 4, 2014.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on October 1, 2014. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed on March 2, 2015; and Defendant's Motion for Summary Judgment, (Doc. No. 14), was filed on April 30, 2015. Due to the Fourth Circuit's decision in Mascio v. Colvin, 780 F. 3d 632 (4th Cir. 2015), both Plaintiff and Defendant submitted supplemental memoranda addressing the applicability of the Mascio decision to this case. (Doc. Nos. 17, 19). The pending motions are ripe for adjudication.

B.      Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between May 13, 2011, and the date of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v.

the ALJ's decision on July 11, 2013. (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from May 13, 2011, through the date of his decision, July 11, 2013. (Tr. 15–22).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 21–22). Specifically, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since May 13, 2011, the alleged disability onset date. (Tr. 15).

---

Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

At the second step, the ALJ found that Plaintiff had the following severe impairments: "bipolar depression, anxiety disorder, chronic obstructive pulmonary disease, [and] degenerative joint disease." (Tr. 15–16). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1." (Tr. 16–18).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "medium" work. (Tr. 18). Specifically, the ALJ found that Plaintiff retained the RFC to perform medium work except that she should avoid concentrated exposure to hazards such as moving machinery or unprotected heights, extreme temperatures, humidity and respiratory irritants such as dust, fumes and gases, and she is limited to unskilled work with no more than superficial interpersonal contact with others. (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as "an [office and industrial] cleaner and factory production coordinator" because, according to the VE, "the demands of these jobs exceed the . . . stated residual functioning capacity." (Tr. 21, 45). At the fifth and final step, the ALJ concluded, based on the testimony of the VE and "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, [that] there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 21). Specifically, the ALJ found that Plaintiff could perform the jobs of Self-Service Laundry Attendant ("Laundry Attendant"), Dictionary of Occupational Titles[2] ("DOT")

---

[2] The Dictionary of Occupational Titles ("DOT"), and its companion, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), are Social Security Administration resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991) [hereinafter DOT]; U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of

#369.677-010; Day Worker, DOT #301.687-014; and Hand Packager, DOT #920.587-018.  (Tr. 22).  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 13, 2011, and the date of his decision on July 11, 2013.  (Id.).

## II.	STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  The district court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).  As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

---

Occupational Titles (1993) [hereinafter SCO].

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

On appeal to this Court, Plaintiff argues remand is appropriate because the ALJ "fail[ed] to identify, inquire, resolve, and explain conflicts between the VE's testimony and the DOT." (Doc. No. 12 at 2, 11–16). Specifically, Plaintiff contends that a conflict arose when the VE stated Plaintiff could perform work as a Laundry Attendant because that position, according to the DOT, would require assisting customers. (Id.). Plaintiff also argues a conflict arose between the VE's testimony and the DOT regarding the testimony that Plaintiff could perform the occupations of Day Worker and Hand Packager because the ALJ's hypothetical instructed that Plaintiff should "avoid concentrated exposure to dust, fumes and gases," yet the DOT includes cleaning and dusting as possible tasks for these two jobs. (Id. at 14).

> As Plaintiff notes, SSR 00-4p provides as follows:
>
> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will: [a]sk the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and [i]f the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p. The Fourth Circuit has interpreted SSR 00-4p to place an "affirmative duty" on the ALJ to independently identify apparent conflicts between the DOT and a VE's testimony regarding jobs a claimant may perform based upon a hypothetical. Pearson v. Colvin, 810 F.3d

204, 209 (4th Cir. 2015). The "apparent" conflict standard falls between a requirement that the ALJ resolve only obvious conflicts and the opposite requirement that the ALJ resolve all possible conflicts. Id. Thus, it requires the ALJ to indentify where the VE's "testimony seems to, but does not necessarily, conflict with the Dictionary." Id. In short, an ALJ must idependently identify conflicts by comparing the express langauge of the DOT to the VE's testimony, and if there seems to be a conflict, the ALJ must obtain a reasonable explanation for the conflict before he can rely on the VE's testimony to support his decision. Id. at 209–10. "An ALJ has not fully developed the record [to satisfy the substantial evidence standard] if it contains an unresolved conflict between the expert's testimony and the Dictionary." Id. at 210; see also Mascio, 780 F.3d at 636 (remanding because, among other things, "inadequacies in the ALJ's analysis frustrate[ed] meaningful review").

In Pearson, the Fourth Circuit held that remand was appropriate due to the ALJ's failure to resolve a conflict between the hypothetical RFC that disallowed "overhead reaching" and the VE's recommendation of three jobs that, according to the DOT, all required "frequent reaching." Pearson, 810 F.3d at 210–11. The Fourth Circuit opined that even though the claimant could possibly perform some of the proposed job functions listed in the DOT, reviewing courts are not to "guess what these occupations require in reality" because it is the responsibility of the ALJ to elicit an explantion from the VE and resolve such conflicts. Id. at 211.

In this case, the VE testified that Plaintiff could perform work as a Laundry Attendant, DOT #369.677-010, a Day Worker, DOT #301.687-014, and a Hand Packager, DOT #920.587-018. (Tr. 22, 46). In relevant part, the DOT provides that a Laundry Attendant assists customers, gives instructions to customers, assigns machines and directs customers or points out posted instructions regarding equipment operation, and receives payment for service from

customers. DOT #369.677-010. A Day Worker cleans and dusts furnishings, hallways, and lavatories; changes and makes beds; and washes and irons clothing by hand or machine. DOT #301.687-014. A Hand Packager may, among other things, clean packaging containers and apply preservative to aircraft and spaceship parts in an environment with frequent exposure to atmospheric conditions.[3] DOT #920.587-018; SCO at 316.

A cursory review of the record and the DOT definitions indicates that apparent conflicts exist between the VE's testimony and the DOT. These conflicts were neither identified nor resolved by the ALJ as required by Social Security regulations as well as the Fourth Circuit's decision in <u>Pearson</u>. The VE was given a hypothetical that limited Plaintiff to "no more than superficial interpersonal contact with others" and required her to "avoid concentrated exposure to dust, fumes and gases."[4] However, the VE testified that Plaintiff could do the jobs of Laundry Attendant, Day Worker, and Hand Packager. These jobs, according to the DOT, may require Plaintiff to provide assistance and instruction to customers; to dust furnishings, hallways, and lavatories; or to clean packaging containers in an environment with frequent exposure to atmospheric conditions.[5] DOT #369.677-010; 301.687-014; 920.587-018; SCO at 316. These job descriptions "seem to" conflict with the ALJ's RFC finding and, consequently, the VE's

---

[3] The DOT defines Atmospheric Conditions as: "Exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin." SCO at D-2.

[4] The Court again notes Plaintiff's counsel's misleading representation of the facts of the case. See <u>Burns v. Colvin</u>, No. 3:14-cv-270-RJC, 2016 WL 270311, at *9 (W.D.N.C. Jan. 20, 2016). Contrary to Plaintiff's counsel's statement that the ALJ indicated Plaintiff should have "no" exposure to dust, fumes, and gases, (Doc. No. 12 at 14), the record clearly indicates that the ALJ found that Plaintiff "should avoid <u>concentrated</u> exposure to dust, fumes, and gases." (Tr. 18) (emphasis added).

[5] The Court also notes that the SCO indicates that Hand Packagers are "frequently" exposed to "extreme heat," SCO at 316; yet, the hypothetical presented to the VE indicated Plaintiff should avoid concentrated exposure to "extreme temperatures," (Tr. 18).

testimony in response to the ALJ's hypothetical. See Pearson, 810 F.3d at 209. Therefore, the ALJ was required to identify these conflicts and then question the VE as to whether the conflicts would preclude Plaintiff from performing the jobs. Even if Plaintiff is able to perform some, but not all, of the duties required in working in one of the three professions, the ALJ is required to elicit the number of positions in the national economy without those requirements. Id. at 211. Consequently, the Court finds that the ALJ failed to identify and resolve apparent conflicts between the VE's testimony and the DOT. Therefore, the ALJ's decision is not supported by substantial evidence, and this matter must be remanded for further proceedings.[6]

## IV. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the Fourth Circuit's ruling in Pearson, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, obtain further vocational expert testimony, independently identify and resolve any apparent conflicts between the DOT and the VE's testimony, and issue a new decision consistent with the holdings of Pearson. Additionally, the ALJ is directed to revisit the function-by-function analysis pertaining to Plaintiff's mental limitations and provide a thorough "narrative discussion describing how the evidence supports

---

[6] Having found remand necessary due to unresolved conflicts between the VE's testimony and the DOT, the Court need not reach any further other arguments raised in Plaintiff's Motion for Summary Judgment.

each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**; and

3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order and the Fourth Circuit's holdings in Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015).

Signed: March 4, 2016

Robert J. Conrad, Jr.
United States District Judge