UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-540-RJC

| | |
|---|---|
| TERESA J. BRIDGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") and Supporting Memoranda, (Doc. Nos. 22, 23, 25), and the Commissioner's Response in Opposition, (Doc. No. 24).

EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees when the United States' position was not substantially justified and there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in this litigation, as when the Court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Commissioner has the burden of showing that her position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the Commissioner's position to

1

be correct, but such a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). A claim for attorneys' fees may be defeated by the Commissioner by showing that her position had a reasonable basis in both law and fact. Id. at 565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them. Id.

The ALJ is required to identify, resolve, and obtain an explanation for any conflict between a VE's testimony and the information provided in the DOT. See SSR 00-4p. Here, such apparent conflicts existed: despite the VE testifying that the Plaintiff was limited to "no more than superficial interpersonal contact with others" and required her to "avoid concentrated exposure to dust, fumes and gases," the VE nonetheless testified that Plaintiff could do the jobs of Laundry Attendant, Day Worker, and Hand Packager – jobs that, according to the DOT, may require Plaintiff to provide assistance and instruction to customers; to dust furnishings, hallways, and lavatories; or to clean packaging containers in an environment with frequent exposure to atmospheric conditions. Compare (Doc. No. 12 at14), with (Tr.

18).  As this Court pointed out in its Order remanding this action, "[t]hese conflicts were neither identified nor resolved by the ALJ as required by Social Security regulations as well as the Fourth Circuit's decision in Pearson."  (Doc. No. 20 at 8.)  When an ALJ fails to follow the Commissioner's own regulations, the Commissioner's position in litigation defending the ALJ's failure cannot be substantially justified.  See Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *3 (E.D.N.C. Feb. 8, 2008).

Defendant offers two arguments in opposition, the first of which is that the Commissioner's position was substantially justified because the Fourth Circuit did not issue the case on which this Court relied here (Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015)) until after the parties had made their arguments in this case.  (Doc. No. 24.)  It is true that Pearson was not decided until after the parties had made their arguments before this Court, and that this Court's Order remanding the case cited Pearson.  (Doc. No. 20.)  However, Pearson was not a necessary condition for this Court's Order to remand; as the Court stated, resolution of the conflicts in question were required by "the Social Security regulations **as well as** the Fourth Circuit's decision in Pearson."  (Id. at 8.) (emphasis added).  This Court found that even a "cursory review of the record and the DOT definitions indicates that apparent conflicts exist between the VE's testimony and the DOT," id., and that SSR 00-4p clearly gave the ALJ the duty to elicit a reasonable explanation for any such apparent conflict before issuing a determination.  Pearson clarified rather than changed this provision, and as a result, even prior to the Fourth Circuit's ruling in

3

Pearson the Defendant's position was not substantially justified.

Second, Defendant argues that Plaintiff's requested $6,545.86 EAJA fee is excessive. Defendant suggests that awarding twenty-four hours of work billed for the combined initial Memorandum and Supplemental Memorandum is excessive given that Plaintiff would not have prevailed without Pearson (Doc. No. 24 at 9) – but as discussed above, Pearson was not critical to Plaintiff's success in this case. Defendant also looks line-by-line at Plaintiff's billing and notes that Plaintiff billed two hours for research and drafting the EAJA Memorandum, as well as billing .10 hours for each Court Notice review and .25 hours to review the Answer to the Complaint. (Doc. No. 24 at 10.) Yet as Plaintiff points out, Plaintiff's counsel did not represent Plaintiff before the agency and therefore was not familiar with the administrative record, and had to learn the record in addition to completing additional briefing on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), which was decided during the pendency of this case. (Doc. No. 25 at 4.) The Court has reviewed the Plaintiff's billing records with regard to Defendant's remaining objections, and concludes that the claimed tasks are not objectionable and that the entries are not duplicative or excessive. Brooks v. Colvin, 2016 WL 7320893 at *1 (W.D.N.C. Dec. 15, 2016).

As a result, the Court finds that the Commissioner's position in this litigation was not substantially justified and that there are no special circumstances that make an award of fees unjust. The Court also finds the amount of fees Plaintiff seeks is reasonable. Therefore, the Court grants Plaintiff's Motion for Attorney's

4

Fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Fees under the Equal Access to Justice Act, (Doc. No. 22), is **GRANTED**. The Court will award attorneys' fees in the amount of $6,545.86, and pursuant to <u>Comm'r of Soc. Sec. v. Ratliff</u>, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED.**

Signed: November 10, 2020

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge